Amina A. SOLIMAN,
Plaintiff-Appellant,

v.

**EBASCO SERVICES INCORPORATED,**
Defendant-Appellee.

**No. 1165, Docket 87–7146.**

United States Court of Appeals,
Second Circuit.

Argued May 21, 1987.

Decided June 30, 1987.

Omar Z. Ghobashy, New York City, for plaintiff-appellant Amina Soliman.

Martin S. Kaufman, Bower & Gardner, New York City, for defendant-appellee Ebasco Services.

Before LUMBARD, MESKILL, and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

Having won a small victory in the district court, plaintiff's lawyer decided to take this appeal from the denial of counsel fees and the amount of prejudgment interest awarded. In this endeavor he has heedlessly submitted a mishmash of letters, instruments, pleadings, affidavits, and documents—many irrelevant and some improper—most of which are inappropriate for a lawyer considering his client's best interests. Plainly, not all adverse rulings in the district court warrant an appeal and, more pointedly, as our holding in this case makes clear, a lawyer should look carefully before jumping to the conclusion that his interests are also his client's.

## BACKGROUND

This appeal is from the denial of counsel fees and the partial denial of prejudgment interest awarded plaintiff Amina Soliman in her Title VII employment discrimination action. Plaintiff instituted this action under the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (1982), after her employment with Ebasco Services Incorporated was terminated on November 30, 1979. Before bringing suit Ms. Soliman had filed charges with the Equal Employment Opportunity Commission (EEOC) and had sought an injunction requiring Ebasco to reinstate her. Because she moved in 1980 from New Orleans, Louisiana—where she had been employed by Ebasco—to Denver, Colorado the injunction was denied. Later, plaintiff moved to New Jersey and while there obtained a "Right to Sue Letter" on February 7, 1985. In April 1985, five and a half years after her employment had been terminated, plaintiff filed her complaint in the United States District Court for the Southern District of New York (Griesa, J.).

The action was tried before a jury and resulted in a December 12, 1986 verdict for Ms. Soliman in the amount of $5400. During the trial she claimed that she had been denied equal employment opportunities by her employer on account of her sex, and that she had been subjected to a retaliatory discharge because of the complaints she had filed with the EEOC. Four questions were submitted on liability. These were whether Ms. Soliman was discriminated against because she was (1) promoted only on a probationary basis, (2) demoted in September 1979, (3) laid off in November 1979, and (4) discharged in November 1979 in retaliation for commencing the EEOC proceedings. The first three were answered in the negative by the jury; the fourth or retaliation charge was answered in the affirmative. It was on the basis of that answer that the jury awarded plaintiff the damages referred to. No appeal was taken from this award.

Immediately after the jury was excused on December 12, plaintiff's attorney moved for counsel fees pursuant to 42 U.S.C. § 2000e–5(k). In that application, styled "Application For Counsel Fees By Attorney For Plaintiff", general statements were set forth that the attorney attended "conferences with client", made "long distance phone calls", conducted "discovery", and performed "research". Seventy-five hours of billable time were claimed at a $200 per hour rate, amounting to $15,000 plus itemized disbursements of $98.55. The application concluded with a request that the trial court award $15,098.55 to the "undersigned" attorney for plaintiff. Judge Griesa promptly denied the motion "with leave to renew" upon a proper factual showing.

The following day a "Chart" of hours expended was submitted by plaintiff's attorney again claiming the same amount for counsel fees. Opposite the month, day, and year, each one-line statement of the 20 or so items recites services, such as, "research", "conference", "review of papers", "preparation for trial". The billable hours for these services are all expressed in whole numbers. At the same time, a proposed judgment was submitted to the trial court which provided that "attorney for plaintiff shall recover attorney's fees in the sum of ____." In addition, prejudgment interest on the award was sought commencing on November 19, 1979.

After first striking the language awarding attorney's fees and adding $527 in prejudgment interest, Judge Griesa signed a

judgment awarding plaintiff $5927 on February 3, 1987 and, at the same time, handed down a written decision setting forth the computation of prejudgment interest. The district court's rationale was that Ms. Soliman had a right to sue immediately after the termination of her EEOC proceeding on October 21, 1981, and "for no good reason" delayed bringing suit until April 1985. Thus, the district court awarded prejudgment interest only for the period of time commencing when Ebasco had a general layoff on May 1, 1980 until October 21, 1981, when plaintiff could have initiated her suit.

The district court rejected the request for an award of attorney's fees stating that there was no justification for an amount nearly three times the recovery found for plaintiff by the jury. It considered plaintiff's success minimal and the award small. On most issues, the district court continued, Ms. Soliman did not prevail, and on the one issue where she did, the trial judge commented—"[I]t is fair to say that certain questions asked ... by the court, in attempting to clarify a confusing record, elicited the evidence which formed the necessary basis for the narrow verdict in plaintiff's favor." It further stated that the presentation of this case was "confusing and lacking in qualities ordinarily associated with the orderly presentation of a meritorious case."

On February 11 a notice of appeal from the denial of counsel fees and the computation of prejudgment interest was filed by the attorney for plaintiff. Five days later, on February 16, Ms. Soliman wrote in longhand to Judge Griesa saying that her attorney had appealed "tottaly [sic] in [sic] his own" without her permission, that she was "not interested in the apeal [sic]", and that she accepted the district court's judgment. She also asked for a copy of Judge Griesa's order. By Memorandum of February 19 directed to plaintiff and both counsel that recited Ms. Soliman's statement that the appeal was unauthorized, Judge Griesa noted that in light of the filing of an appeal he was without further jurisdiction, and referred any questions plaintiff might have to the Clerk of this Court.

On March 27, a brief raising the issues of counsel fees and prejudgment interest together with an appendix were filed in the Clerk's office on plaintiff's behalf. On May 13, appellee's brief was filed which, among other arguments, questioned plaintiff's attorney's standing to argue the district court's denial of attorney's fees in light of plaintiff's letter of February 16 to Judge Griesa. The appeal was argued May 21. The standing issue was the subject of questions to plaintiff's counsel, who responded by handing up to the Court a handwritten letter from Ms. Soliman dated May 13 (the date when appellee's brief was filed), a satisfaction of the $5927 judgment, and an undated assignment of that judgment to the lawyer. Each of these instruments were signed by plaintiff.

## DISCUSSION

### A.

A thread can be discerned that runs consistently throughout this record. Right from the date of the verdict on December 12, 1986, plaintiff's attorney evinced his obvious belief that the claim for counsel fees rightfully belonged to him. In this he was thoroughly mistaken. The statute plainly provides that the court "in its discretion may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e–5(k). The Supreme Court has held that the words "prevailing party" found in § 1988 of the Civil Rights Act refer to plaintiff's entitlement to those fees, not the plaintiff's lawyer. *See Evans v. Jeff D.*, 475 U.S. 717 n. 19, 106 S.Ct. 1531, 1538–40 & n. 19, 89 L.Ed.2d 747 (1986). We see no reason not to apply this interpretation to 42 U.S.C. § 2000e–5(k). *See Moore v. National Ass'n of Securities Dealers, Inc.*, 762 F.2d 1093, 1099 n. 10 (D.C.Cir.1985). ("The goal of the [Title VII provision for attorney's fees] is to encourage plaintiffs to bring meritorious suits by providing *them* a source of funds for retaining competent counsel.") (emphasis in original). Whether those attorney's fees that are awarded ultimately end up in the lawyer's or the client's hands

depends, of course, on the private fee arrangements entered into between them when representation is undertaken. *See Oguachuba v. I.N.S.*, 706 F.2d 93, 97 (2d Cir.1983).

Thus, independent of his client, an attorney has no personal right to an award of statutory attorney's fees under 42 U.S.C. § 2000e–5(k). Of course, an attorney also lacks standing to appeal an award of prejudgment interest without his client's authorization. We find no authorization of this appeal by Ms. Soliman. The record contains only Ms. Soliman's statement that the notice of appeal filed by her attorney was unauthorized. Since the prevailing party has not authorized the appeal, and her attorney lacks standing to prosecute it in his own name, it must be dismissed.

### B.

Appellee has requested that sanctions be imposed upon counsel for appellant under Fed.R.App.P. 38. This Rule empowers an appellate court, upon determining that an appeal is frivolous, to "award just damages and single or double costs to the appellee." When an appeal is brought without the client's authorization and, in fact, as here, over the client's express statement that the appeal was without her permission, there can be no question that sanctions are appropriate. In this case, the conduct of plaintiff's attorney was particularly egregious since it seems clear that he was acting for his own monetary benefit in bringing this appeal because, by his own admission, he chose not to raise alleged errors in the proceedings below, some of which might have accrued to his client's benefit.

We also note that the attorney's conduct throughout the course of this appeal was ill-advised, if not improper. After being informed by Judge Griesa that the notice of appeal he had filed was unauthorized, the attorney nonetheless proceeded to file a brief and appendix in this Court. These actions strongly suggest a misapprehension by plaintiff's attorney of his responsibilities. An attorney's only ethical obligation is to serve his client loyally and competently, without allowing his own financial interests to influence his actions. Hence a client's decision not to pursue an appeal is one a lawyer must abide by because such a decision is exclusively that of the client. *See Model Code of Professional Responsibility*, EC7–7, EC7–8, EC7–9 (as amended, 1980).

Further, Judge Griesa had stated in his written opinion that the merits of the case were "slim" and lacked the qualities ordinarily associated with a meritorious case. Yet, despite recovering only $5400, the attorney then sought $15,000 in fees without furnishing the district court with contemporaneous time records, which for many years have in this Circuit been a prerequisite to obtaining any court-ordered attorney's fees. *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir.1986); *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983); *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir.1983).

In addition, plaintiff's attorney has attempted to file numerous and mostly irrelevant papers since oral argument. Although these papers are not received on the merits, it was necessary to examine them and they were considered on the question of whether to impose sanctions. Among them is a holographic letter from Ms. Soliman to her attorney, plainly stating that she wanted his actions to be at "no cost" to her. The possibility of sanctions for pursuing a frivolous appeal would, of course, be at considerable cost to plaintiff and contrary to her express wish.

Also among the documents handed to the panel during oral argument was, as noted, an assignment by Ms. Soliman to her attorney of her $5927 judgment. While the exact terms of this assignment cannot be ascertained, we are concerned that this contract might violate the ethical canon that after undertaking a retainer an attorney should take care not to acquire a property right that would tend to make his professional judgment less protective of his client's interests. *See Model Code of Professional Responsibility*, EC5–2.

Realizing at oral argument the panel's concern regarding his status as appellant, plaintiff's attorney subsequently obtained and forwarded an affidavit from his client stating that she had authorized the appeal. Although in the past we have exercised our discretion and reluctantly received such a document, *see Brown v. General Motors Corp.,* 722 F.2d 1009 (2d Cir.1983), under the present circumstances we decline to do so at such a late date. Finally, in his most recent letter dated June 5, 1987, the attorney refers to settlement offers made by opposing counsel at the pre-argument Civil Appeals Management Plan Conference. Such a reference "is a serious breach of the confidentiality essential to the purposes of pre-argument conferences" that is "highly improper and will not be condoned." *Lake Utopia Paper Ltd. v. Connelly Containers, Inc.,* 608 F.2d 928, 929–30 (2d Cir. 1979), *cert. denied,* 444 U.S. 1076, 100 S.Ct. 1023, 62 L.Ed.2d 758 (1980).

## CONCLUSION

For the reasons stated above this appeal is dismissed. Because it was brought by a lawyer without standing, we consider it frivolous. Damages are accordingly awarded in the amount of $1000 plus the costs of the appeal, payable to appellee by plaintiff's attorney. No sanctions are imposed against Ms. Soliman. The case is referred to Chief Judge Charles L. Brieant of the District Court for the Southern District of New York with the request that he refer this case to the Southern District Committee on Grievances for whatever further action it may deem advisable.

Appeal dismissed with sanctions.