**Ana Maria BENITEZ, etc., et al., Plaintiffs, Appellees,**

v.

**Genaro COLLAZO–COLLAZO, etc., et al., Defendants, Appellees.**

**Appeal of Harry F. SWANGER.**

No. 89–1128.

United States Court of Appeals, First Circuit.

Submitted Aug. 4, 1989.
Decided Nov. 7, 1989.

I. *Factual Background*

In 1977, a civil rights class action suit was filed under 42 U.S.C. § 1983 in the United States District Court for the District of Puerto Rico challenging the conditions of confinement and treatment of juveniles detained because of conduct not considered delinquent but proscribed as undisciplined. Plaintiffs alleged a constitutional right to be confined in less restrictive environments, and sought remedies under both federal and state law. The action resulted in a consent decree granting the plaintiff class most of the declaratory and injunctive relief requested.

Throughout the litigation, plaintiffs were represented by Puerto Rico Legal Services, Inc. ("PRLS"). That organization employed several attorneys, pursuant to written agreements, to assist with the class action. One of these lawyers was appellant Harry F. Swanger, who was under contract with PRLS from August 14, 1984 until March 10, 1986.

On December 22, 1987, the district court awarded plaintiffs a total of $52,574.19 in attorney's fees and costs in accord with 42 U.S.C. § 1988: $36,903.25 in attorney's fees, and $15,670.94 in costs. Appellant Swanger was one of three attorneys whose work was specifically mentioned in the award.

A check for the entire award was issued and made jointly payable to plaintiffs and PRLS. Plaintiffs did not appeal from this award of fees and costs, although they did file an informative motion four months later regarding the appropriate disbursement of the court's award. On the basis of this motion, the court rescinded the first check and ordered that two separate checks be issued: one jointly payable to PRLS, Swanger, and another attorney, Ana Matanzo, and the other payable to the National Juvenile Law Center, Inc. ("NJLC"), which also participated in the litigation.

On September 9, 1988, plaintiffs requested that the joint PRLS/Swanger/Matanzo check be cancelled, and that a new check be issued solely in the name of PRLS. Puerto Rico Legal Services, Inc. argued that the

Harry F. Swanger, on brief, pro se.

Armando Cardona–Acabá, Bayamon, P.R., with whom Jaime Rivera Suárez and Sandra Valentín were on brief, for plaintiffs-appellees.

Vanessa Ramírez, Asst. Sol. Gen., Dept. of Justice, with whom Norma Cotti–Cruz, Deputy Sol. Gen., was on brief, for defendants-appellees.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

The appellant, former counsel for plaintiffs in a civil rights class action, brings this appeal on his own behalf. It was submitted without argument. The dispute arises out of the distribution of attorney's fees awarded under 42 U.S.C. § 1988. The issue on appeal is whether, in the circumstances of this case, the claim for such an award belongs to the party or to the party's attorney. We hold that the award entitlement is vested exclusively in the party.

Because of the protracted nature of the underlying civil rights litigation—spanning more than twelve years—and the thorough treatment of the facts by the district court, 584 F.Supp. 267 (D.P.R.1984), we will outline here only those facts essential to the decision on appeal.

work performed by Swanger and the other attorney was accomplished pursuant to a contract containing a separate fee arrangement. And, in fact, Swanger was compensated by PRLS in accord with the terms of the written contract. This is uncontested.

Swanger made a special appearance on October 25, 1988 opposing plaintiff's motion. He essentially argued that his contract with PRLS was not binding because it was written in Spanish, a language which he did not understand, and that he signed it only upon representations made by PRLS as to its contents.[1] He contended that PRLS' representatives told him before he signed the contract that if a court awarded fees and expenses, then he would receive the difference between his contractual rate of $35 per hour and the rate set by the court, multiplied by the number of hours worked. Swanger also argued that the law of Missouri, his state of residence, granted him a lien over such fee awards and that because the fee award actually belonged to the plaintiffs, a guardian *ad litem* should have been appointed to determine the appropriate disbursement of the fees. However, on December 19, 1988, the district court granted plaintiffs' request, and issued a check solely in the name of PRLS.

On appeal, Swanger raises several issues related to the district court's December 19, 1988 decision. Although he assigns seven causes of error, upon review, we find that we need only address two issues before dismissing the appeal.[2] For the reasons discussed below, we hold that appellant has no standing to contest either the court's award of attorney's fees, or the court's order deleting his name from the plaintiffs' check. While the appellant may have a state law claim for relief regarding the

disbursement of fees, we find that such a claim is not before us on this appeal.

## II. *Standing to Apply for Counsel Fees*

### 1. Justiciability

█ Under Article III of the Constitution, the judicial power of the United States is limited to the resolution of "cases" or "controversies" arising under the Constitution or Laws of the United States. This limitation has long been interpreted to require that a litigant have standing to challenge the action. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). If standing is lacking, then federal court is not an appropriate forum for adjudication of rights. *Ashwander v. TVA*, 297 U.S. 288, 345, 56 S.Ct. 466, 482, 80 L.Ed. 688 (1936). Although standing issues are frequently far from pellucid, it is at least clear that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

Since we find that, with regard to Issues I, II, III, and VII, appellant is asserting rights of his former clients rather than his own, we hold that he has no standing to bring these appeals.

### 2. Standing

Under 42 U.S.C. § 1988, in federal civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Section 1988 was enacted to ensure "effective access to the judicial process for persons with civil rights

---

1. Although, for the reasons expressed below, we do not address this issue, we are perplexed as to why Swanger, an experienced attorney, would sign a contract without first reading and understanding it.

2. On appeal, Swanger contends that the district court erred in applying the *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), prejudgment standard to post-judgement activities in determining attorneys's fees (Issue I), that the court failed to

compensate him for court-ordered monitoring efforts (Issue II), that the district court abused its discretion in excessively reducing appellant's fees (Issue III), that the district erred in not considering his attorney's lien (Issues IV and V), that it was error to award fees solely to PRLS (Issue IV and VI), and that the district court's findings as to the hours and tasks for which an award was made were so vague as to be unreviewable (Issue VII).

grievances." H.R.Rep. No. 1558, 94th Cong., 2d Sess. 1 (1976).

The "prevailing party" language makes it patently obvious that it is the prevailing party, not the party's counsel, who is entitled to be awarded fees.[3] *Evans v. Jeff D.,* 475 U.S. 717, 730 n. 19, 106 S.Ct. 1531, 1539 n. 19, 89 L.Ed.2d 747 (1986) ("the language of the Act, as well as its legislative history, indicates that Congress bestowed on the 'prevailing *party*' a statutory eligibility for a discretionary award of attorney's fees...."). *See also Brown v. General Motors Corp.,* 722 F.2d 1009, 1011 (2d Cir. 1983) ("Under the Act it is the prevailing party rather than the lawyer who is entitled to attorney's fees."); *White v. N.H. Dep't of Employment Sec.,* 629 F.2d 697, 703 (1st Cir.1980) (under 42 U.S.C. § 1988, any award of attorney's fees goes to prevailing party rather than to attorney), *rev'd on other grounds,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Since the award of attorney's fees belongs initially to the prevailing *party,* only the party, and not the attorney, has standing to appeal any such grant or denial. Thus, the instant appeal must be dismissed. *Soliman v. Ebasco Services, Inc.,* 822 F.2d 320, 323 (2d Cir.1987), *cert. denied,* 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).

In this case, it is clear that it is only Swanger who is appealing the award of attorney's fees. Moreover, after reviewing the brief submitted to this court by the plaintiffs, it is unfortunately equally obvious that the instant appeal was not only unauthorized by them, but it was not made for their benefit. Had it been argued by the plaintiffs, we would be tempted to discuss whether attorneys' fees could be assessed against Swanger.[4] *E.g., Soliman,* 822 F.2d at 323 (where appeal brought by

attorney over client's statement that it was without permission, sanctions were appropriate).

As the Model Rules of Professional Conduct make plain, a lawyer has an obligation to "abide by a client's decisions ... and shall consult with the client as to the means by which they are to be pursued." Model Rules of Professional Conduct Rule 1.2(a) (1983), as adopted by the United States District Court for the District of Puerto Rico, Local Rule 211.4(B) (1984). Swanger clearly acted inappropriately in making this appeal over the objections of his former clients.

III. *Disbursement of Attorney's Fees and Costs*

At no time during the underlying litigation did Swanger function as independent counsel to the plaintiffs' class. His involvement began as an employee of NJLC, and ended as an employee of PRLS. Thus, the attorney-client relationship existed between PRLS, NJLC and the plaintiffs' class. *Cf. Shadis v. Beal,* 692 F.2d 924 (3d Cir.1982) (holding that where an attorney is employed both by a legal services corporation and as an independent attorney, the attorney is entitled to separate compensation). Swanger is consequently entitled to compensation only from his employer, PRLS.

Of course, Swanger claims that his contract with PRLS is not enforceable because it was written in Spanish, a language which he did not understand, and that he had a valid attorney's lien over the award, pursuant to Missouri law. We need not address the merits of these arguments because Swanger has not brought a separate claim for relief against plaintiffs before

---

**3.** In *Angoff v. Goldfine,* 270 F.2d 185, 186 (1st Cir.1959), this court allowed the appeal of a lawyer acting on his own behalf, from an award of attorney's fees and expenses. However, in that case, unlike in the instant appeal, the original award was made to the attorney himself and not to the "prevailing party."

**4.** Awards of attorney's fees should not, as happened in this case, lead to a second source of major litigation. Section 1988 was enacted to encourage plaintiffs to litigate civil rights viola-

tions, and the possibility of protracted litigation with respect to counsel's fees can only frustrate the statute's purposes. "Vacating a fee award such as this and remanding for further explanation can serve only as an invitation to a losing defendant to engage in what must be one of the least socially productive types of litigation imaginable...." *Hensley v. Eckerhart,* 461 U.S. at 442, 103 S.Ct. at 1944 (Brennan, J., concurring in part and dissenting in part).

this court. Moreover, we hold that the confutable merits of these claims are more appropriately the province of state court.

Our inquiry ends here. Swanger cannot meet the threshold requirement of standing because he has no authorization to appeal on behalf of the civil rights class plaintiffs. Moreover, section 1988 does not give him, as an attorney, an entitlement to receive, or appeal from an award of, attorney's fees. Finally, the propriety of the distribution of the award is an issue more appropriately addressed by state court. Thus, we need not address the seven causes of error which Swanger assigns, and dismiss his purported appeal.

*Appeal dismissed.* Costs in favor of appellees.