Robert D. SAMUELS, Plaintiff,

and

McGee Parramore, former attorney for Plaintiff, Appellant,

v.

AMERICAN MOTORS SALES CORPORATION, Defendant–Appellee.

No. 91–1986.

United States Court of Appeals, Seventh Circuit.

Argued April 17, 1992.

Decided Aug. 4, 1992.

Sidney L. Rosenfeld and Jeffrey H. Bunn (argued), Katz, Randall & Weinberg, Chicago, for defendant-appellee.

McGee Parramore (argued), Palatine, Ill., for appellant.

Before POSNER and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

McGee Parramore, an Illinois attorney, tried a case on behalf of Robert Samuels under the Magnuson–Moss Act. Samuels prevailed, and Mr. Parramore subsequently requested attorney's fees. The trial court granted Mr. Parramore fees, but the fee was substantially lower than the fee Mr. Parramore requested. Mr. Parramore appeals the trial court's denial of his motion to reconsider the trial court's initial order reducing his fee request and the trial court's subsequent denials of his motions for reconsideration. We affirm.

*Background Facts*

McGee Parramore, the appellant in this case, tried what he characterizes as a "lemon automobile case" to a six-person jury. Mr. Parramore's client was Robert D. Samuels, and American Motors Sales Corporation ("American Motors") was the defendant in the case. The jury awarded Samuels $14,086.95 in damages. Less than ten days after the jury verdict was entered, Mr. Parramore filed petitions seeking attor-

ney's fees under the Magnuson–Moss Act, 15 U.S.C. § 2310(d)(2),[1] as his client prevailed at trial. Mr. Parramore requested $38,149.75 in fees for his work on the case, but the trial judge allowed Mr. Parramore only $11,137.00. In reducing Mr. Parramore's fee award, the trial judge made specific reductions for amounts of time the court found excessive, and the court also made a further 40% reduction for the "inefficient and dilatory manner in which Mr. Parramore conducted the lawsuit and the result accomplished in this relatively uncomplicated case." The court's judgment concerning Mr. Parramore's fee award is dated March 29, 1991.

After the court's judgment concerning his fee award, Mr. Parramore filed on April 9, 1991, a single pleading entitled, "Motions for Extension of Time to Serve Post–Trial Motion on the Court's Ruling of March 29, 1991, for Clarification of the Court's Ruling of March 29, 1991, and for Leave to File Affidavit of Arthur A. Lehman and for Leave for Him to Testify on any Retrial of the Damages Issues." This pleading specifically requested an extension of time until April 18, 1991, to file a Rule 59(e) motion for reconsideration of some of the issues covered by the trial court's March 29, 1991, ruling. The trial court ruled on Mr. Parramore's pleading from the bench on April 9, 1991. The trial court first decided that, although Mr. Parramore's motion was denominated a Rule 59 motion, the court considered the motion a motion for reconsideration of the March 29, 1991, order. The court further decided that since Mr. Parramore offered no new grounds to support the requested reconsideration, the motion was denied.

Subsequent to the trial court's April 9, 1991, ruling, Mr. Parramore filed a motion to withdraw as counsel for Robert Samuels and requesting the court to allow Mr. Par-

ramore to remain in the case to represent his own interests regarding attorney's fees. Parramore's motion was granted.

Then on April 25, 1991, Mr. Parramore filed a motion entitled, "Motion Requesting Court to Withdraw Portions of its Ruling of March 29, 1991 or to Extend the Effective Date of that Ruling and for Leave to File Additional Materials." Mr. Parramore argued that Rule 59(e) applied only to those portions of the case not relating to attorney's fees and that a petition for attorney's fees is therefore not subject to Rule 59(e)'s 10–day filing limit. Mr. Parramore also requested an opportunity to support his claimed billing rate (the rate underlying his original request for approximately $38,000 in fees) with additional materials. The trial court again ruled from the bench. The trial court stated first that there are ten days to file a Rule 59 motion, and the time limit cannot be extended by court order. The court stated second that Rule 59(e) applied to the instant case, distinguishing the authority Mr. Parramore advanced for the proposition that Rule 59(e) does not apply to petitions for attorney's fees. Finally, the court concluded Mr. Parramore had plenty of time to support his claimed billing rate, and the court believed that the material Mr. Parramore had already supplied, combined with court's knowledge of general standards for attorneys' billing rates, was enough to support the court's conclusions regarding Mr. Parramore's fee award. The court then denied Mr. Parramore's request.

Mr. Parramore now appeals the trial court's judgments of March 29, 1991, April 9, 1991, and April 25, 1991, to this court.

*Analysis*

■ We first address our jurisdiction to hear this case. Mr. Parramore proceeds on

---

1. The Magnuson–Moss Act provides remedies for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with warranty requirements under the chapter. 15 U.S.C. § 2310(d)(2) reads:

   If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the

aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action; unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

appeal representing his own interests. He claims he is entitled to attorney's fees from American Motors pursuant to Title 15 of the United States Code, Section 2310(d)(2). That section indicates that the *plaintiff* prevailing in a suit under the section may be allowed to recover attorney's fees that he or she reasonably incurs as part of the judgment. The trial court, however, allowed Mr. Parramore to pursue his claim to attorney's fees after he was no longer representing Robert Samuels, the prevailing plaintiff. The trial court even sanctioned American Motors for attempting to strike Mr. Parramore's fee petition on the basis that Mr. Parramore and not his client was seeking the fees when the relevant portion of the Magnuson–Moss Act specifies that the prevailing plaintiff may recover fees as part of the judgment. The trial court explained that American Motors cited no authority for its argument excepting the statute to limit Mr. Parramore's right to fees, and the court concluded, "the fee award presents an obligation reasonably incurred by the plaintiff in connection with his lawsuit." But, does the trial court's analysis support its decision to allow Mr. Parramore and not the plaintiff to pursue attorney's fees on appeal?

We recently discussed a similar issue in *Lowrance v. Hacker*, 966 F.2d 1153 (7th Cir.1992). In *Lowrance* Lowrance's attorney appealed the district court's denial of his motion for attorney's fees for his services in the postjudgment proceeding of that case. The *Lowrance* court questioned whether Lowrance's attorney had standing to pursue, in his own name, a contractual entitlement belonging not to him but to his client. The court looked to the analogous circumstance of petitions for attorney's fees under 42 U.S.C. § 1988. The First and Second Circuits have held that only a party and not his attorney has standing to bring a claim for fees under section 1988. *See Benitez v. Collazo–Collazo*, 888 F.2d 930 (1st Cir.1989), *and see Brown v. General Motors Corp.*, 722 F.2d 1009 (2d Cir.1983).

In *Brown* the attorney who initially represented the plaintiff, Davis, was fired by the plaintiff before the plaintiff settled with the defendant. Before firing Davis the plaintiff wrote that he would arrange for the contingency fee to be split with Davis and the attorney to replace him. The plaintiff settled with the defendant for a sum that included attorney's fees, and Davis subsequently received a fee, but he petitioned the court for additional compensation. The *Brown* court stated that the entitlement of an attorney to a fee depends upon the contractual arrangement between the attorney and the client. The court further explained that a client's control over litigation would be substantially diminished were the court to entertain Davis's claim; so the court denied the claim. *Brown*, 722 F.2d at 1011. In coming to this conclusion the court placed special emphasis on the client's ability to settle his or her case. *Id.* The circumstances of *Benitez* are similar to *Brown* in that the attorney appealing the district court's decision regarding fees had already received some compensation for his work on the case, and it was obvious to the *Benitez* court that the appeal was wholly unauthorized by the plaintiffs. *Benitez*, 888 F.2d at 933.

The statute under which Mr. Parramore claims a right to attorney's fees, like section 1988, confers the entitlement to fees on the prevailing plaintiff and not his attorney. However, this court pointed out in *Lowrance* that " '[t]echnically, the award of attorney's fees under section 1988 is to the party, not to his lawyer, but it is common to make the award directly to the lawyer where ... the lawyer's contractual entitlement is uncontested.' " *Lowrance*, 966 F.2d 1153, 1156 (quoting *Richardson v. Penfold*, 900 F.2d 116, 117 (7th Cir.1990). In *Lowrance* we said, "[t]his exception makes sense; where the lawyer is acting in his capacity as the client's representative, the question whether the motion for fees is in the name of the party or his attorney is truly a 'technicality.' " *Id.* But, this case is different because Mr. Parramore is no longer Mr. Samuels's representative, having been discharged by him before this appeal.

We think, despite the fact that Mr. Parramore is no longer Mr. Samuels's attorney, that he may pursue his appeal on the

issue of attorney's fees against American Motors without Mr. Samuels. First, Mr. Parramore was clearly acting on Mr. Samuels's behalf in procuring a jury verdict in Mr. Samuels's favor under the Magnuson–Moss Act. The jury awarded Samuels $14,086.95. And, when Mr. Parramore initially filed a motion for attorney's fees subsequent to the court's entry of judgment against American Motors, he was still acting on Samuels's behalf. Thus, the petition was brought in Samuels's name. It was not until after the trial court ruled on Mr. Parramore's motion to reconsider the trial court's March 29, 1991, ruling, the ruling in which the court decided Mr. Parramore was entitled to only $11,137.00 in fees, did Mr. Parramore request permission from the court to proceed in his own behalf. This appeal concerns fees for work Mr. Parramore did in procuring a jury verdict for his former client, nothing else.

Second, there is no evidence in the record suggesting that Mr. Parramore's fee is contested by Mr. Samuels. In fact, the trial court stated that the fee contract between Mr. Parramore and his former client can be reasonably interpreted to say that Samuels agreed to pay his attorney whatever amount might be awarded by the court for attorney's fees under the statute. Given that enforcement of this interpretation of the fee contract between Mr. Parramore and his former client would not interfere with Mr. Samuels's control over his case— Samuels has already received a judgment in his favor—we think Mr. Parramore should be allowed to pursue his claim to an attorney's fee awarded by the trial court under the Magnuson–Moss Act. We next address the substance of Mr. Parramore's appeal.

Mr. Parramore asks us to decide whether Rule 59(e) applies to petitions for attorney's fees. Federal Rule of Procedure Rule 59(e) states: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." In this case the district court refused to grant Mr. Parramore an extension of time to file a motion for reconsideration of its March 29, 1991, decision regarding Mr. Parramore's fee for his work on his

former client's "lemon automobile case." Mr. Parramore is now arguing that the trial court wrongly refused to grant him an extension because Rule 59(e) does not apply to a petition for attorney's fees. We think Mr. Parramore's arguments concerning the applicability of Rule 59(e) to petitions for attorney's fees unnecessarily confuse the issue presented in this case. The issue in this case is whether the trial court correctly refused to *reconsider* its prior decision regarding Mr. Parramore's fee award.

The jury's verdict in favor of Mr. Parramore's former client, Robert Samuels, was entered on October 21, 1990. Mr. Parramore filed on October 25, 1990, a "Motion to Amend or Clarify Judgment; for Leave to File Petition for Attorney's Fees; and for Additur of Prejudgment Interest to Judgment." The trial court granted this motion and gave Mr. Parramore time to file his actual petition and supporting materials. Clearly Mr. Parramore's motion for attorney's fees was filed within the ten-day limit of Rule 59(e) in the first place. Thus, whether or not the rule was applicable, Mr. Parramore complied. The case Mr. Parramore cites, *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), is inapposite. In *White* the Supreme Court held that a request for an award of attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, is not a "motion to alter or amend the judgment," subject to the ten-day filing time limit of Rule 59(e). The Court came to this conclusion after pointing out that a motion for attorney's fees, unlike a motion to amend a judgment, does not imply a change in the judgment; rather, a motion for attorney's fees merely seeks what is due because of the judgment. *White*, 455 U.S. at 452, 102 S.Ct. at 1166 (quoting *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir.1980)). Perhaps a citation to *White* would have been appropriate had Mr. Parramore not filed his initial motion for attorney's fees within the ten-day time requirement of

Rule 59(e), but he did.[2] The trial court then issued its ruling on Mr. Parramore's request for attorney's fees on March 29, 1991. It is this judgment Mr. Parramore requested the trial court to reconsider, and it is with respect to this judgment Mr. Parramore requested the trial court for an extension until April 18, 1991, in order to file supporting materials. The trial court denied both Mr. Parramore's request for an extension and his request for reconsideration.

■ The trial court correctly denied Mr. Parramore's April 9, 1991, request for an extension in order to file motions for "reconsideration of some of the issues and decisions covered by the Court's Ruling of March 29, 1991." Mr. Parramore's motion to reconsider the issues decided in the trial court's March 29, 1991, order is a motion under Rule 59(e) subject to the ten-day time limit of that rule. The ten-day time restraint of Rule 59(e) may not be enlarged by court order. See Fed.R.Civ.P. 6. The trial court also denied Mr. Parramore's motion because the motion did not give the court any basis for reconsideration. We think the trial court's ruling was proper. Mr. Parramore presented no new law or facts to the trial court that was not available to the court when the court made its March 29, 1991, decision regarding Mr. Parramore's fees. And, before the court made its decision, Mr. Parramore initially had a substantial period from the date he filed a claim for fees, October 25, 1991, until November 15, 1991, in which to file supporting memoranda and materials. We believe, like the trial court, that Mr. Parramore had a full opportunity to present his fee petition and any supporting material Mr. Parramore thought appropriate.

■ Mr. Parramore also appeals the trial court's ruling on his April 25, 1991, motion entitled, "Motion Requesting Court to Withdraw Portions of its Ruling of March 29, 1991 or to Extend the Effective Date of that Ruling and for Leave to File Additional Materials." The trial court denied the motion, relying in part on its determination that Rule 59(e) applies to attorney's fee petitions under the Magnuson–Moss Act, even though *White* directs the rule does not apply to fee petitions under the Civil Rights Act. The trial court distinguished Magnuson–Moss fee petitions from Civil Rights Act fee petitions by pointing out that the relevant portion of the Magnuson–Moss Act indicates a prevailing plaintiff may receive attorney's fees as part of the judgment, while the Civil Rights Attorney's Fee Awards Act does not contain similar language. Whether or not the trial court correctly determined the applicability of Rule 59(e) to fee petitions under the Magnuson–Moss Act is irrelevant for our purposes. The point is Mr. Parramore's April 25, 1991, motion requested the trial court to reconsider its previously decided order regarding Mr. Parramore's fee award. The trial court denied Mr. Parramore's request for reconsideration of its March 29, 1991, order on April 9, 1991. Thus, Mr. Parramore's second request for reconsideration, filed on April 25, 1991, was simply too late, as the request was filed more than ten days after the trial court's April 9, 1991, decision.

■ We confidently affirm the trial court's March 29, 1991, decision regarding Mr. Parramore's fee award for his work on Robert Samuels's case. The court first determined that a reasonable hourly rate for Mr. Parramore's work was $125 per hour, though Mr. Parramore requested as much as $250 per hour for his time in 1990. In reaching its conclusion regarding a reasonable rate for Mr. Parramore's work, the trial court looked to what it believed to be the inefficient manner in which Mr. Parra-

---

**2.** We note in passing that Mr. Parramore makes reference to Local Rule 46 in his brief. Local Rule 46 provides:

A petition for attorney's fees in a civil proceeding shall be filed within ninety days of the entry of final judgment, provided that the court upon written motion and for good cause shown may extend the time. A petition for

fees shall be denied if it is not filed within the time period established by this rule.

This rule, of course, applies to Mr. Parramore's initial filing for fees, a filing which he made less than ten days after judgment in the case was entered. This rule has no application to a motion for reconsideration of the court's judgment regarding attorney's fees.

more conducted the particular case given his experience, that he often missed deadlines, and that Mr. Parramore in general made the case unnecessarily difficult and expensive to resolve. The court also considered the $130 hourly rate charged by American Motors's attorney. The trial court then carefully reviewed Mr. Parramore's petition and made specific reductions for amounts of time the court found excessive. The court disallowed a total of 28.25 hours. The court further reduced by 40% the 166 hours left because the court believed Mr. Parramore "simply spent excessive time as a result of his own inefficiencies." This reduction left a net of 99.6 hours, which multiplied by $125 resulted in a fee award of $12,450. The award was further reduced by a set-off granted to American Motors for fees it occurred in connection with motions to bar the testimony of plaintiff's expert witness at trial. This set-off left Mr. Parramore an award of $11,137.

■■ Although Mr. Parramore urges us to reverse the trial court's decision and remand with directions "to follow established guidelines ... for correctly determining an award of attorney's fees," we see no reason to do so. We generally will not reverse an award or denial of attorney's fees unless there is a showing the trial court abused its discretion. *See FMC Corporation v. Varonos*, 892 F.2d 1308 (7th Cir.1990). Mr. Parramore says this circuit's case, *Henry v. Webermeier*, 738 F.2d 188, 193 (7th Cir.1984), required the trial court in this case to first determine the market rate for Mr. Parramore's work and then adjust it upward or downward. In fact, *Henry* specifically declines to make such a determination "the Procrustean bed to which every fee petition must be fitted." *Henry*, 738 F.2d at 193. What we require the trial court to do is exercise its discretion regarding an attorney's fee award in a reasonable manner, and that is exactly what happened in this case.

*Conclusion*

We affirm the trial court's March 29, 1991, judgment regarding Mr. Parramore's fee award, and we also affirm the trial court's April 9, 1991, and April 25, 1991, judgments denying reconsideration of its prior decision regarding Mr. Parramore's award.

AFFIRMED.