USCA1 Opinion

 

 November 4, 1992 UNITED STATES COUT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 92-1295 TROOPER ALVIN T. PONTARELLI, ET AL., Plaintiffs-Appellees, v. WALTER E. STONE, ET AL., Defendants-Appellees. ____________________ INA P. SCHIFF, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Brown,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ Ina P. Schiff pro se. _____________ Max Wistow, with whom Michael H. Feldhuhn, Wistow & Barylick __________ ___________________ _________________ Incorporated, Thomas J. McAndrew, James E. O'Neil, Attorney ____________ ____________________ ________________ General and Robin E. Feder, were on joint brief for defendants- _______________ appellees Walter E. Stone, Lionel J. Benjamin and State of Rhode Island. ____________________ * Of the Fifth Circuit, sitting by designation. ____________________ ____________________ TORRUELLA, Circuit Judge. This case is before us in an _____________ unusual posture because all parties have settled the merits of the underlying disputes. There only remains a matter raised by the former attorney of one of those parties. We are thus presented with a narrow decisional issue: whether there is an appropriate appellate controversy to be passed upon by this court. For reasons hereinafter stated, we rule in the negative and dismiss the appeal. The factual background to this appeal is bizarre, not to say byzantine. The underlying suit filed in the United States District Court for the District of Rhode Island charged sex discrimination and retaliation. It was initially brought by six plaintiffs (five individual state troopers and the Rhode Island State Police Lodge 25) against the State of Rhode Island, Attorney General Arlene Violet ("Violet"), and various officers of the Rhode Island State Police and its Training Academy. Appellant Ina Schiff represented all plaintiffs from the outset, but had co-counsel by the time of trial. Only one plaintiff's claims, Mary Nunes', reached trial. The jury found in favor of Nunes on some counts. After remittitur, she was awarded nominal compensatory damages and $15,000 in punitive damages. All the other plaintiffs took voluntary dismissals. Of the original defendants, only two remained in the case after appeal. Violet won a judgment on the pleadings; another defendant was dismissed by the court on a post-verdict motion, and an appeal to this court resulted in dismissal against the -3- 3 State of Rhode Island. Pontarelli v. Stone, 930 F.2d 104 (1st __________ _____ Cir. 1991). Plaintiff Nunes' attempt to appeal from the judgment failed because her name had been omitted from the notice of appeal (prepared by appellant Schiff), id. at 108-12. By the __ time of the Court of Appeals' decision, however, appellant Schiff no longer represented plaintiff Nunes and had been substituted by other counsel. Nevertheless, after Nunes' judgment against the remaining two defendants became final, appellant Schiff in February, 1989 petitioned for $511,951 in attorney's fees and $203,268.28 in costs on behalf of "all plaintiffs." Defendants also petitioned for fees. After lengthy discovery and hearings conducted on six dates, the court on January 16, 1992 denied appellant Schiff's petition in its entirety, instead awarding fees to defendant Violet in the amount of $54,168.50. The district court denied the award in a well-documented memorandum and order, stating as grounds: (1) the failure of appellant to maintain contemporaneous time records; (2) the failure of appellant to allocate the time spent on her client's case among the various claimants; (3) the failure of appellant to exclude time that was unrelated to the federal court case, time that was duplicative and unproductive; and (4) the failure to document her request. See Pontarelli v. Stone, 781 F. Supp. 114 (D.R.I. ___ __________ _____ 1992). As part of its findings, the district court concluded that appellant's misrepresentations regarding the fees and costs -4- 4 request warranted referral of the matter to the attention of the Rhode Island Supreme Court's Chief Disciplinary Counsel "for such investigation and/or disciplinary action as she may deem appropriate." Id. at 127. __ On February 13, 1992, appellant Schiff requested an extension of time from the district court in which to file an appeal on her own behalf, alleging that she was too ill to file within the allotted 30 days. The request was provisionally granted by the district court, but she was directed to supply the court, no later than by February 27, 1992, with an affidavit supporting her contention that she was ill.1 Meanwhile, on February 26, 1992, plaintiffs other than Nunes filed a separate appeal (No. 92-1267), in which they were represented by separate counsel than that representing appellant Nunes. On March 6, 1992, appellant Schiff, on her own behalf, filed a notice of appeal to the district court's order denying fees and costs. This is the appeal presently before us (No. 92- 1295). Nunes has at no time appealed from the fees' order, either through appellant Schiff or in any other manner. In response to a motion to dismiss filed by appellees challenging appellate Schiff's standing, we consolidated the present appeal with that in No. 92-1267. On May 27, 1992, the day after we entered that unfortunate order, the appealing ____________________ 1 Although appellant Schiff filed an affidavit on February 27, 1992, there is a substantial issue as to whether it complies with the order. -5- 5 plaintiffs in No. 92-1267 stipulated to dismissal of their appeal with prejudice, after which plaintiffs and defendants settled the underlying case and filed appropriate satisfaction of judgments notices with the Clerk. It is abundantly clear after oral argument, if it was not before, that appellant Schiff does not at present seek review of the district court's denial of attorney's fees and costs to her client, nor does she challenge the decision on the merits of the case before said court. It is just as well, as an attorney lacks separate standing to appeal from a judgment awarding or denying fees to a party, since such concessions are granted to parties, not their attorneys. See Ben tez v. Collazo-Collazo, ___ _______ _______________ 888 F.2d 930, 933 (1st Cir. 1989). Furthermore, although it should be unnecessary to state at this point, any appeal regarding the merits of the case below is clearly moot as not only have plaintiffs stipulated the dismissal of the appellate proceeding but they have, as previously stated, settled the underlying dispute with defendants. The focus of appellant Schiff's claim before us is directed to allegations regarding the district judge's conduct in ________ _______ _______ the proceedings before him. In this regard, it is claimed that the district judge should have recused himself from participating in these proceedings pursuant to the mandate of 28 U.S.C. 455, which requires that a judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. 455(a). Appellant Schiff alleges that the district -6- 6 judge's wife was awarded discretionary consulting contracts by the defendant state totaling the sum of $89,390.50 while the present case was sub judice. Appellant Schiff further claims __________ that the district judge acted as a special master in a civil rights action related to the subject matter of the present case, and that during its pendency, defendant state's counsel reviewed the reasonableness of the district judge's bill and recommended that the bill be paid. These allegations, on their face, raise serious charges of impropriety by a judicial officer. That by itself, however, does not, as the present appeal stands, grant appellate jurisdiction to this court regarding the merits of those contentions.2 Even assuming that appellant Schiff raised the issue of the district judge's disqualification in a timely fashion and before the appropriate forum, a question as to which there is considerable doubt, see Delesdernder v. Porterie, 666 F.2d 116 ___ ____________ ________ (5th Cir. 1982), cert. denied, 459 U.S. 839 (1983), the mooting _____________ of the appeal on the merits by plaintiffs' settlement of the ____________________ 2 Appellant Schiff argues that even if we lack appellate jurisdiction, we should assert jurisdiction pursuant to 28 U.S.C. 1651 as a petition for mandamus. Judicial disqualification is a suitable issue for the exercise of mandamus jurisdiction. In __ re U.S., 666 F.2d 690, 694 (1981). However, mandamus is ________ appropriate only when no other adequate means of obtaining the desired relief exists. Department of Navy v. F.L.R.A., 835 F.2d __________________ ________ 921, 923 (1st Cir. 1987) (citing Allied Chemical Corp. v. _______________________ Daiflon, Inc., 449 U.S. 33 (1980)). In the present case, Schiff _____________ requests no relief based upon the merits of the case below. We therefore assume that she seeks only punishment of the judge. As we explain below, Schiff clearly has an adequate remedy available to her to obtain this relief. -7- 7 underlying case also moots any remedy that could be granted by this court. More on point, before an appellate court can make a ruling on the appropriateness of disqualification by a district judge, the issue must be raised as soon as the cause is known, a factual record must be made, a ruling adverse to appellant must be made on that record, the matter must be properly appealed, and the underlying dispute as to which the district court ruling is relevant must still remain a live controversy when the issue comes for resolution by the court of appeals. None of these conditions presently exist. But we need not discuss them seriatim, as the last one is by itself dispositive. If a trial judge has wrongly failed to disqualify him or herself, the remedy to correct this situation is for the appellate court to reverse the decision of the case on the merits and to order a new trial before a different judge. Were we to entertain what remains of this appeal, that is, appellant's challenge to the trial judge's participation in the proceedings below, there remains nothing as to which we could order a reversal on the merits or as to which we could order a new trial or hearing. Clearly, nothing remains of the suit that was brought by plaintiffs against defendants in the district court. The case, and all its appendages and side issues, has been mooted because the real parties to the real controversy have decided there is no longer a controversy. It goes without saying that it is the existence of a controversy that grants federal courts, district or appellate, the power to act. The lack of such a -8- 8 controversy deprives federal courts of authority to further exercise their authority, except as to incidental matters. Under the present circumstances, in which our intervention would be only of academic interest or advisory in nature, dismissal of appellant's appeal is obligatory. In the interest of maintaining judicial integrity, however, we are required to state what must already be known by appellant Schiff as an experienced practicing attorney. Appellant Schiff is not without a forum in which to make any claims that she may believe are justified regarding what she may perceive to be judicial misconduct. See 28 U.S.C. 372(c) ___ (Supp. 1992). It is before the forum created by this statute that she should seek redress in any case involving alleged judicial misconduct. Needless to say, by so stating we do not pass judgment upon the merits of such a claim. We only rule that, for the reasons stated above, the present appeal is mooted and is thus not properly before us. The appeal is dismissed. Costs to appellees. _______________________ -9- 9