722 F.2d 1009
 33 Fair Empl.Prac.Cas. 417,
32 Empl. Prac. Dec. P 33,931
Samuel L. BROWN, Sr., Plaintiff,
v.
GENERAL MOTORS CORPORATION, CHEVROLET DIVISION, Tonawanda
and Chevrolet Division, Buffalo, Defendants-Appellees.
 No. 1031, Docket 82-7840.
 United States Court of Appeals,
Second Circuit.
 Argued March 24, 1983.
Decided Nov. 4, 1983.
 
 Charles L. Davis, Buffalo, N.Y., for appellant pro se.
 Arnold Weiss, Raichle, Banning, Weiss & Halpern, Buffalo, N.Y., for defendants-appellees.
 Before OAKES, CARDAMONE and WINTER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 Charles L. Davis appeals from Judge Curtin's denial of an application for attorney's fees. Davis was the original attorney for plaintiff, Samuel Brown, in one of three consolidated civil rights actions settled on October 14, 1981. We affirm on the alternative grounds that Davis lacks standing to make such an application and that the settlement included all claims for counsel fees.
 
 BACKGROUND
 
 2
 Brown commenced this civil rights action seeking reinstatement, back pay or sick benefits, exemplary damages of one million dollars, and an injunction. Brown retained Attorney Davis on a contingency basis on July 24, 1975, to prosecute the action. Four years later, Brown fired Davis because of "dissatisfaction with the amount of interest you show in my affairs." Concerning the fee, Brown wrote, "I will arrange for the contingency fee to be split between you and the Attorney who replaces you."
 
 
 3
 Brown then hired Attorney Norman Effman who obtained a settlement with General Motors for $5000 for this and two subsequent pro se actions filed by Brown against General Motors Corporation. The stipulation, signed by Effman and counsel for General Motors, provided:
 
 
 4
 IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that each of the within three consolidated cases, having been settled and compromised for the sum of Five Thousand Dollars ($5,000.00), be and the same hereby are dismissed on the merits and with prejudice and without costs to any party as against the other.
 
 
 5
 Brown signed a general release absolving General Motors from "all ... claims and demands whatsoever, in law or in equity." Davis was paid $833.33, Effman receiving an identical amount. On October 14, 1981, Judge Curtin entered the stipulated judgment dismissing the action "without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if settlement is not consummated."
 
 
 6
 On January 4, 1982, Davis, acting for himself, petitioned the district court for attorney's fees in the amount of $30,073. Judge Curtin denied the application, finding that the stipulation and release were intended by the parties, namely General Motors and Brown, to include any claim for attorney's fees. Davis appealed in his own name--the caption remaining in Brown's name--claiming that he was entitled to fees by virtue of The Civil Rights Attorney's Fees Awards Act of 1976 ("the Act"), 42 U.S.C. Sec. 1988 (1976) ("Section 1988"). We affirm.
 
 DISCUSSION
 1. Standing to Apply for Counsel Fees
 
 7
 Davis contends that he is entitled to $30,073 in additional compensation for his time spent on Brown's behalf under Section 1988 which authorizes the court to "allow the prevailing party, ... a reasonable attorney's fee as part of the costs." We agree that such a fee may be awarded regardless of whether a party "prevails" through settlement or litigation, Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), but disagree that Davis may claim attorney's fees in his own name as the real party in interest.
 
 
 8
 Under the Act it is the prevailing party rather than the lawyer who is entitled to attorney's fees. See Oguachuba v. INS, 706 F.2d 93, 97 (2d Cir.1983) (interpreting similar language in the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(A) (Supp. V 1981)).
 
 
 9
 We repeat what we said in Oguachuba. The entitlement of an attorney to fees depends upon the contractual arrangement between the attorney and the client. The parties to these arrangements may well take into account the possibility of a court award of fees where statutory authority such as Section 1988 exists but a claim for such an award must itself be made by the party rather than the attorney.
 
 
 10
 Section 1988's direction that fees may be awarded to "the prevailing party" is plain enough and, absent evidence of a contrary congressional intent (which has not been provided), is dispositive. However, there are additional compelling reasons to reject Davis' argument. Where an attorney and client have independent entitlements in the same action a conflict of interest is created. Defense counsel will agree only to settlements which satisfy the attorney as well as the client. A client willing to settle for $5,000 will be thwarted if his or her attorney asserts a further right to $30,000 from the defendant. There is simply no reason to believe that Congress intended to diminish substantially the attorney's duty of undivided loyalty to his or her client.
 
 
 11
 In the present case, the reasons for denying Davis standing to assert such a claim are overwhelming. Davis was discharged by Brown because of the latter's dissatisfaction with his representation. Were we to entertain Davis' claim, clients' control over their litigation would be subject to a veto by former attorneys no longer under an obligation of loyalty and perhaps aggrieved by the circumstances of their discharge.
 
 
 12
 Since the inability of a client to control litigation can only deter it, we believe the result of entertaining claims for fees under Section 1988 by attorneys in their own name would be counterproductive so far as the underlying purpose of that section is concerned. See Kerr v. Quinn, 692 F.2d 875, 877 (2d Cir.1982) (purpose of Section 1988 is to encourage the bringing of meritorious civil rights actions). Davis' claim, therefore, should have been denied outright without regard to Brown's entitlement to counsel fees.
 
 2. The Effect of a Settlement and Release
 
 13
 Davis has now supplied us, outside the district court record, a consent by Brown to this proceeding. In Oguachuba, supra, we faced a somewhat similar situation in which the denial of an application for attorney's fees made in the attorney's name was appealed with the client's authorization. Since the district court had reached the merits and we were reluctant to deny what was on appeal clearly a claim asserted by a party, we reached the issue of Oguachuba's right to attorney's fees. We reach the merits here also, again reluctantly and with the admonition that applications for fees under Section 1988 must be made in the name of the party.
 
 
 14
 We conclude that the release executed by Brown as part of the settlement negotiated by Effman bars a subsequent claim for attorney's fees. By the release, Brownremised, released, and forever discharged ... for [himself and his] heirs, executors and administrators ... the [defendant and its] successors and assigns, heirs, executors and administrators, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or in equity ... against the [defendant] ... upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of the presents.
 
 
 15
 We are aware that the effect of a general release can be a matter of some uncertainty, see Barninger v. National Maritime Union, 372 F.Supp. 908, 914-15 (S.D.N.Y.1974), but we perceive no such problem here. That the settlement was an arms-length bargain intended by the parties to settle all three actions brought by Brown, including the instant case, is not disputed. The application for fees made no showing or offer of proof that less than a complete settlement of all claims in this case was intended. In those circumstances, the settlement includes any claim for attorney's fees.
 
 
 16
 Section 1988 does not create a separate action for attorney's fees. An award of fees may be made only as to "the prevailing party ... as part of costs" recovered in the underlying case. We believe it reasonably obvious that an agreement utilizing the broad language of the release here accompanied by a stipulation that the case will be dismissed "without costs to any party" is, absent circumstances indicating otherwise, intended to settle all claims involved in the particular litigation, including a claim for attorney's fees.
 
 
 17
 In any case involving a settlement of litigation, it is the intent of the parties which governs and different circumstances may lead to different results. Gordon v. Vincent Youmans, Inc., 358 F.2d 261 (2d Cir.1965) (scope and meaning of release determined by manifested intent of parties). Thus we note that our holding in this case is entirely consistent with prior holdings that have upheld claims for attorney's fees where the settlement agreement neither mentions fees nor purports to effect a general release of all claims against the defendant. See Chicano Police Officer's Association v. Stover, 624 F.2d 127, 131 (10th Cir.1980) (settlement agreement neither mentions fees nor purports to effect a general release of all claims); Dawson v. Pastrick, 600 F.2d 70 (7th Cir.1979) (partial consent decree neither mentions fees nor purports to effect a general release of all claims); Bonnes v. Long, 651 F.2d 214 (4th Cir.1981) (same); Brown v. Culpepper, 559 F.2d 274 (5th Cir.) reh'g denied 561 F.2d 1177 (1977), (same). See also Ross v. Saltmarsh, 521 F.Supp. 753 (S.D.N.Y.1981), aff'd mem. 688 F.2d 816 (2d Cir.1982) (explicit reservation as to attorney's fees); Foster v. Gloucester County Board of Chosen Freeholders, 465 F.Supp. 293 (D.N.J.1978) (same).
 
 
 18
 In this case, however, the prevailing party has signed a general release and has settled the case "without costs." See Fulps v. City of Springfield, 715 F.2d 1088 (6th Cir.1983) (attorney's fees are "costs" as that term is used in settlement agreements). In so doing, Brown indicated an intent to terminate all his claims, including his claim under 42 U.S.C. Sec. 1988, against General Motors arising out of this litigation.
 
 
 19
 Affirmed.
 
 OAKES, Circuit Judge (concurring):
 
 20
 I would not reach the issue of the scope of the release under either New York or federal law.[1] I note that the district court's order of dismissal specifically provided that the action was to be dismissed "without costs." The dismissal, of course, was part of the consideration received from Brown for the $5,000, and in my view it is therefore proper to look to the dismissal itself to clarify what I feel is uncertainty or ambiguity as to the scope of the release. I believe that the denial of costs in the dismissal order is sufficient to uphold the district court's ultimate conclusion that the settlement covered the issue of attorney's fees. Although attorney's fees certainly differ from other "costs," Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624, 639 (6th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), the Act allows a reasonable attorney's fee "as part of the costs." 42 U.S.C. Sec. 1988; Hutto v. Finney, 437 U.S. 678, 695, 98 S.Ct. 2565, 2576, 57 L.Ed.2d 522 (1978).
 
 
 21
 In any event, I would add, Davis's request for fees is untimely. The district court's order of dismissal provided that the case could be reopened "upon good cause shown within 60 days ... if settlement is not consummated." Davis was aware that a settlement agreement had been reached, and I believe that however his claim might have been resolved had he applied for fees within sixty days from the date of the order, his application of January 5, 1982, some eighty-three days after the order of dismissal, is untimely.
 
 
 
 [1]
 We have not been referred to any New York law to the effect that a general release making no reference to attorney's fees and on its face appearing to be absolute will be construed to waive claims that are both statutory and arguably vested in a third person. I would accordingly look here only to federal law, recognizing that we are dealing with rights incorporated in a statute involving "great national concerns." See Bradley v. School Board of Richmond, 416 U.S. 696, 719, 94 S.Ct. 2006, 2020, 40 L.Ed.2d 476 (1974) (quoting Schooner Peggy, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801)). Cf. United States v. Kimbell Foods, Inc., 440 U.S. 715, 727-29, 99 S.Ct. 1448, 1457-59, 59 L.Ed.2d 711 (1979) (where federal interests are sufficiently important, federal law will control, but state law may be incorporated as the federal rule of decision if it provides a convenient solution consistent with federal interests). Looking at the release I would hold it ambiguous, thereby permitting the court to award fees as in, e.g., Chicano Police Officer's Ass'n v. Stover, 624 F.2d 127, 131-32 (10th Cir.1980)