71 F.3d 1053
 33 Fed.R.Serv.3d 808
 VALLEY DISPOSAL, INC., Palisades Landfill and Recycling
Corporation and Robert C. Dowdell, Jr.,
Plaintiffs-Appellees-Cross-Appellants,
v.
CENTRAL VERMONT SOLID WASTE MANAGEMENT DISTRICT,
Defendant-Appellant-Cross-Appellee,
v.
C.V. LANDFILL INC., Defendant.
 Nos. 85, 650, Dockets 95-7074, 95-7078.
 United States Court of Appeals,
Second Circuit.
 Submitted Sept. 29, 1995.
Decided Dec. 8, 1995.
 
 Glenn C. Howland, McKee, Giuliani & Cleveland, P.C., Montpelier, Vermont, for Defendant-Appellant-Cross-Appellee.
 John L. Franco, Jr., Burlington, Vermont, for Plaintiffs-Appellees-Cross-Appellants.
 Before: KEARSE, WALKER, and CALABRESI, Circuit Judges.
 CALABRESI, Circuit Judge:
 
 
 1
 This case involves various questions concerning the award of fees pursuant to 42 U.S.C. Sec. 1988 after the dismissal of a suit as a result of an agreement among the parties. We welcome the opportunity to clarify several aspects of this Circuit's law. And we hold that: (1) our decision in Santiago v. Victim Services Agency, 753 F.2d 219 (2d Cir.1985), was overruled by the Supreme Court's decision in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); (2) a district judge has discretion to reject a party's waiver of attorneys' fees only by rejecting the global settlement in which the waiver appears; (3) negotiated fee waivers need not appear expressly within the settlement agreement but, in the absence of an express waiver, there must be some indication that the parties intended to effect a global settlement that encompassed costs as well as the underlying claims; and (4) because a party should normally be awarded the costs of preparing a successful Sec. 1988 application, a district court must set forth reasons whenever it refuses to grant those costs. Accordingly, we affirm in part, and vacate and remand in part.
 
 I. BACKGROUND
 
 2
 In 1992, the Central Vermont Solid Waste Management District (the "District") enacted a "flow control ordinance" and regulations requiring private garbage haulers within its jurisdiction to dump all garbage at a designated private landfill (C.V. Landfill). Valley Disposal (a garbage hauler forced to do business with the designated landfill), Palisades Landfill (a rival landfill that lost business due to the ordinance), and Robert C. Dowdell, Jr. (the principal owner of both Valley Disposal and Palisades Landfill) brought suit against the District in the United States District Court for the District of Vermont (Franklin S. Billings, Jr., Senior Judge ), alleging violations of the dormant Commerce Clause and the antitrust laws. The complaint sought damages, declaratory and injunctive relief, and attorneys' fees under 42 U.S.C. Sec. 1988.
 
 
 3
 The action was dismissed by Judge Billings, and an appeal was taken. In March 1994, while awaiting the decision of this Court, the parties entered into a contingent settlement agreement. In May 1994, the Supreme Court decided C & A Carbone, Inc. v. Town of Clarkstown, --- U.S. ----, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994), which struck down a flow control ordinance as violative of the dormant Commerce Clause. In August 1994, after we remanded (on other grounds), 31 F.3d 89 (2d Cir.1994), the parties consummated their settlement agreement and the plaintiffs moved, with the consent of the District, to dismiss the complaint. On October 14, 1994, Judge Billings dismissed the action with prejudice pursuant to Fed.R.Civ.P. 41(a)(2).
 
 
 4
 One week later, the plaintiffs moved for attorneys' fees and costs pursuant to 42 U.S.C. Sec. 1988. The District objected, arguing (1) that the matter was res judicata because the plaintiffs had specifically requested attorneys' fees in their complaint, which had been dismissed with prejudice; (2) that the plaintiffs had waived their right to seek attorneys' fees by entering into the settlement agreement and seeking dismissal of the complaint; and (3) that the district court lacked subject matter jurisdiction over the motion for fees, absent a timely appeal or motion to amend the dismissal order. On December 20, 1994, the district court granted the plaintiffs' motion for attorneys' fees in the main action, but denied plaintiffs the costs of bringing the Sec. 1988 motion. The district court's order was published at 872 F.Supp. 119 (D.Vt.1994).[1]
 
 
 5
 The District appeals from Judge Billings' grant of attorneys' fees; the plaintiffs cross-appeal from his denial of costs for the Sec. 1988 motion.
 
 II. DISCUSSION
 A. Subject Matter Jurisdiction
 
 6
 The district court granted the parties' motions to dismiss the complaint pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides as follows:
 
 
 7
 Except as provided in paragraph (1)[2] ..., an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper....
 
 
 8
 The district court subsequently granted the plaintiffs' motion for attorneys' fees, which they filed one week after dismissal.
 
 
 9
 The District argues that after dismissing the complaint, the district court lacked subject matter jurisdiction to consider any further motions--including those for attorneys' fees under 42 U.S.C. Sec. 1988. The District relies primarily on Santiago v. Victim Services Agency, 753 F.2d 219 (2d Cir.1985), a case that is almost directly on point. In Santiago, this Court overturned a district court's award of attorneys' fees under Sec. 1988 after the plaintiff had voluntarily dismissed his action pursuant to Rule 41(a)(1)(i). The Court wrote that once the plaintiff files a notice of dismissal, "the court loses all jurisdiction over the action. A subsequent order granting attorney's fees is a nullity." Santiago, 753 F.2d at 221 (citation omitted).
 
 
 10
 The District's reliance on Santiago is misplaced, however, because that case has effectively been overruled by the Supreme Court's decision in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In Cooter & Gell, the plaintiff filed a notice of voluntary dismissal of his complaint pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Subsequently, the district court awarded attorneys' fees to the defendant pursuant to Rule 11. The Supreme Court eventually affirmed, explicitly rejecting the Second Circuit's position--unique among the circuits--that "a voluntary dismissal acts as a jurisdictional bar to further Rule 11 proceedings." 496 U.S. at 394-95, 110 S.Ct. at 2455 (citing Johnson Chem. Co. v. Home Care Prods., Inc., 823 F.2d 28, 31 (2d Cir.1987)). The Court held instead that
 
 
 11
 a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. See 28 U.S.C. Sec. 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." Sprague v. Ticonic National Bank, 307 U.S. 161, 170 [59 S.Ct. 777, 781, 83 L.Ed. 1184] (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 451, n. 13 [102 S.Ct. 1162, 1166 n. 13, 71 L.Ed.2d 325] (1982).
 
 
 12
 Id. at 395-96, 110 S.Ct. at 2455-56. The Court went on to say that "[s]uch a determination may be made after the principal suit has been terminated" because the imposition of a Rule 11 sanction requires "determination of a collateral issue." Id. at 396, 110 S.Ct. at 2456.
 
 
 13
 The District argues that this Court is still bound by Santiago, despite the Supreme Court's decision in Cooter & Gell. First, it points out that because Cooter & Gell involved only Rule 11 sanctions, its discussion of fee-shifting under other statutes was merely dicta. And Supreme Court dicta does not overrule Second Circuit precedent. Second, the District contends that, in Chemiakin v. Yefimov, 932 F.2d 124 (2d Cir.1991), this Court stated that Santiago might still be good law.
 
 
 14
 In Chemiakin, we found that Cooter & Gell overruled the Second Circuit's prior decision in Johnson Chemical Co. v. Home Care Products, Inc., 823 F.2d 28, 31 (2d Cir.1987), which prohibited a district court from entertaining a postdismissal motion for Rule 11 sanctions. But in doing so, we said:
 
 
 15
 We leave for another day any possible revisitation of the Santiago question, narrowly construed, of a district court's power to assess statutory attorney's fees in a case that has been voluntarily dismissed. See State of Conn. v. Insurance Co. of America, 121 F.R.D. 159, 161 (D.Conn.1988) ("[While] Johnson Chem. Co. ... has not received universal acceptance ... most courts have generally agreed with the Santiago reasoning regarding Rule 41(a)(1)(i) and thus would not, for instance, award attorney fees pursuant to 42 U.S.C. Sec. 1988 after a case had been voluntarily dismissed....").
 
 
 16
 Chemiakin, 932 F.2d at 129.
 
 
 17
 Today we answer the question left open by Chemiakin, and conclude that Santiago is no longer good law.[3] Santiago's rationale--that a district court's jurisdiction evaporates upon dismissal of the complaint--was completely undermined by the Supreme Court's statement in Cooter & Gell that motions for attorney's fees raise collateral issues that "may be made after the principal suit has been terminated." 496 U.S. at 396, 110 S.Ct. at 2455. Although, strictly speaking, this statement may be dicta, it was nonetheless intimately linked to the Court's central holding: that "a federal court may consider collateral issues after an action is no longer pending," id. at 395, 110 S.Ct. at 2455, and hence it profoundly undermines Santiago. See also Baumgartner v. Harrisburg Housing Auth., 21 F.3d 541, 550 (3d Cir.1994) (asserting that "Santiago has been undercut" by Cooter & Gell ).
 
 
 18
 In any event, Cooter & Gell is only one nail in Santiago's coffin; the other nail is White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982),[4] the facts of which closely resemble those here. In White, the district court approved a consent decree and entered judgment. Four months later, the plaintiff filed a motion for attorneys' fees pursuant to Sec. 1988. According to the Supreme Court:
 
 
 19
 In a hearing in the District Court, respondent's counsel claimed he had been surprised by petitioner's postjudgment requests for attorney's fees. He averred he understood that the consent decree, by its silence on the matter, implicitly had waived any claim to a fee award. White's counsel asserted a different understanding. Apparently determining that the settlement agreement had effected no waiver, the District Court granted attorney's fees....
 
 
 20
 Shortly thereafter, respondent moved to vacate the consent decree. It argued, in effect, that it had thought its total liability fixed by the consent decree and that it would not have entered a settlement knowing that further liability might still be established. The District Court denied the motion to vacate.
 
 
 21
 Id. at 448, 102 S.Ct. at 1164. The First Circuit reversed the award of attorneys' fees, reasoning that the plaintiff's postjudgment motion for attorneys' fees constituted a "motion to alter or amend the judgment," governed by Fed.R.Civ.P. 59(e) and subject to its 10-day time limit. Id.
 
 
 22
 The Supreme Court disagreed and reversed, finding Rule 59(e) inapplicable to motions for fees under Sec. 1988. The Court stated that a motion to alter or amend the judgment can be made "only to support reconsideration of matters properly encompassed in a decision on the merits. By contrast, a request for attorney's fees under Sec. 1988 raises legal issues collateral to the main cause of action--issues to which Rule 59(e) was never intended to apply." 455 U.S. at 451, 102 S.Ct. at 1166 (citation omitted). One such collateral issue is whether the party seeking attorneys' fees is a "prevailing party"--a question that must be resolved by the court (not by stipulation of the parties), after resolution of the merits. Id. at 451-52, 102 S.Ct. at 1166-67.
 
 
 23
 As the Court went on to explain,
 
 
 24
 [n]or can attorney's fees fairly be characterized as an element of "relief" indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under Sec. 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial.
 
 
 25
 Id. at 452, 102 S.Ct. at 1166-67. Although the Supreme Court's holding in White was rather narrow--that postjudgment Sec. 1988 applications are not subject to the 10-day time limit of Rule 59(e)--it clearly indicated that district courts possess jurisdiction over such postjudgment fee applications.
 
 
 26
 Since the distinction we made in Santiago to avoid White--between postjudgment orders and postdismissal orders--was given no notice by the Supreme Court in Cooter & Gell, we can only conclude that White would be read by the Court to apply to postdismissal Sec. 1988 applications as well as to postjudgment Sec. 1988 applications. There is, in other words, simply no basis in the reasoning of Cooter & Gell and White to suppose that the Court has carved out an exception to its rules on jurisdiction over collateral issues such that only postdismissal fee applications are barred. In short, Santiago no longer has any leg to stand on.
 
 
 27
 We therefore affirm the district court's finding that it possessed subject matter jurisdiction over the plaintiffs' Sec. 1988 application.
 
 B. Waiver
 
 28
 The District next claims that, even if the district court had jurisdiction over an application for attorneys' fees, the plaintiffs waived their right to seek such fees for two reasons: (1) they entered into a settlement agreement that was meant to dispose of all the parties' claims against one another; and (2) they agreed to a dismissal with prejudice of their complaint, which contained a prayer for relief seeking Sec. 1988 attorneys' fees. The district court rejected this position, stating that
 
 
 29
 Plaintiffs properly note that negotiated fee waivers must appear expressly within the settlement agreement. Ashley v. Atlantic Richfield Co., 794 F.2d 128, 138 (3d Cir.1986). With respect to a general release, like Plaintiffs' Motion to Dismiss this action, it must contain release language of sufficient breadth to indicate an intention to settle all claims involved in the particular litigation, including the claim for attorneys' fees. Brown v. General Motors Corp., 722 F.2d 1009, 1012 (2d Cir.1983). Plaintiffs assert that nothing in the Settlement Agreement or Motion for Dismissal serves as an explicit waiver of the Sec. 1988 fees. The Court agrees.
 
 
 30
 872 F.Supp. at 124-25.
 
 
 31
 We hold that the district court erred in relying on the Third Circuit's decision in Ashley, which sets forth a much more demanding standard for fee waivers than this Circuit has required. In Brown v. General Motors Corp., 722 F.2d 1009, 1012 (2d Cir.1983), this Court held that a settlement agreement using broad language to effect a mutual release of claims and accompanied by a stipulation that the case be dismissed "without costs to any party" "is, absent circumstances indicating otherwise, intended to settle all claims involved in the particular litigation, including a claim for attorney's fees." We added, however, that, as in any case involving a settlement, "it is the intent of the parties which governs." Id. Accordingly, we cited with approval other cases finding no waiver "where the settlement agreement neither mentions fees nor purports to effect a general release of all claims against the defendant." Id.
 
 
 32
 The standard set forth by the Third Circuit in Ashley, and applied by the district court in this case, is significantly more stringent than the one we adopted in Brown. In Ashley, the Third Circuit, after incorrectly characterizing Brown as embodying the rule that "silence equals waiver," 794 F.2d at 139, rejected that rule and instead held that "where a defendant seeks to settle its total liability on a claim, it shall be incumbent upon the defendant to secure an express waiver of attorney's fees. Silence will not suffice." Id. Although we reject the description of Brown as standing for the stark proposition that "silence equals waiver," we nevertheless agree with the Third Circuit that our standard differs significantly from the one set forth in Ashley. Specifically, we found a waiver of attorneys' fees in Brown where the parties had entered into a settlement agreement that contained both a general release of claims and a stipulation of dismissal "without costs to any party," partly because "costs" are commonly understood to include attorneys' fees. 722 F.2d at 1012. We adhere to our view in Brown that a party may express its intent to waive attorneys' fees by employing broad release language, regardless of whether that release explicitly mentions attorneys' fees.
 
 
 33
 Viewing the release language used in this settlement agreement in the light of our holding in Brown, we agree with the district court that the plaintiffs did not intend to waive their claim to attorneys' fees. In p 6(a) of their settlement agreement, the parties stipulated to a
 
 
 34
 [d]ismissal with prejudice of the District as a party-defendant from the [present lawsuit], meaning also to dismiss with prejudice any claims made by the District therein pursuant to F.R.Civ.P. 11 and 2 U.S.C. Sec. 1927.
 
 
 35
 This stipulation did not purport to execute a "general release of claims" between the parties, nor did it state in broad terms that the settlement would be "without costs to either party." To the contrary, the parties specified which "costs" were waived by virtue of the settlement: those sought by the District pursuant to Rule 11 and Sec. 1927. Given that the parties specified with particularity that some costs were covered by their agreement, we find it difficult to conclude that the settlement manifested an unspoken intent to waive any costs not mentioned--in this instance, plaintiffs' attorneys' fees pursuant to Sec. 1988.
 
 
 36
 The inclusion in the dismissed complaint of a claim for attorneys' fees pursuant to Sec. 1988 does not affect our decision. The most natural interpretation of the parties' agreement, which led to the dismissal, was that it was intended only to resolve the plaintiffs' substantive claims against the District--and not any collateral matters, such as Sec. 1988 petitions. See White, 455 U.S. at 452, 102 S.Ct. at 1166 (stating that attorneys' fees entail collateral matters "uniquely separable from the cause of action to be proved at trial").
 
 
 37
 In the alternative, the district court refused to accept any waiver that the plaintiffs might have made. It held that:
 
 
 38
 even if the Settlement Agreement and dismissal in this action could be construed as a waiver of the Sec. 1988 claim, it is within the discretion of the Court to accept such a waiver. Evans v. Jeff D., 475 U.S. 717, 720, 106 S.Ct. 1531, 1533-34, 89 L.Ed.2d 747 (1986). As a matter of discretion, therefore, the Court refuses to accept the waiver of fees.
 
 
 39
 872 F.Supp. at 125.
 
 
 40
 The Evans case, while acknowledging that district courts possess considerable discretion to accept or reject settlement agreements, does not authorize courts to exercise a "line-item veto" over those agreements. Indeed, in Evans, the Supreme Court reversed a Ninth Circuit decision that had done just that and held that while a district court possesses discretion to reject a proposed settlement because it contains a waiver of statutorily authorized attorneys' fees, it can do so only by rejecting the entire settlement agreement in which the waiver appears. The district court cannot pick and choose which elements of a consent judgment to enforce; it must accept all of it or none of it.[5] Evans, 475 U.S. at 726-27, 106 S.Ct. at 1536-38.
 
 
 41
 In the case before us, if the district court had found that the plaintiffs had waived their right to seek attorneys' fees, it was empowered to reject that waiver only by rejecting the global settlement. Thus, its alternative holding cannot stand.
 
 
 42
 Nevertheless, since the district court, though it applied the wrong standard, correctly concluded that no waiver of attorneys' fees had taken place, we affirm its decision on the fee question.
 
 C. Costs of Bringing the Sec. 1988 Petition
 
 43
 After explaining that he would grant plaintiffs' counsel the full amount of legal fees they had spent to prosecute the underlying action, the district judge stated simply: "The Court, however, DENIES Plaintiffs' request for preaward interest and motion costs." 872 F.Supp. at 125.
 
 
 44
 A district judge has broad discretion in awarding attorneys' fees under Sec. 1988. Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). But our decisions require a district judge to evaluate the costs of preparing the Sec. 1988 motion no differently from the costs of litigating the underlying case. In Gagne v. Maher, 594 F.2d 336 (2d Cir.1979), aff'd on other grounds, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), the district court held that it could not award costs for preparing the fee application. This Court reversed:
 
 
 45
 The judge should have evaluated the worth of the [time spent preparing the fee application], since time reasonably spent by plaintiff's attorneys in establishing their fee would be compensable. The exercise of discretion, however, gives the district judge great leeway. If the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high, the judge may refuse further compensation or grant it sparingly. We leave these matters in the first instance to the district court.
 
 
 46
 Id. at 344 (citation omitted).
 
 
 47
 Gagne is not directly on point, since the district court here apparently realized that it had discretion to grant the costs of preparing the Sec. 1988 motion. Nevertheless, Gagne seems to assume that, unless there are reasons to the contrary, motion costs should be granted whenever underlying costs are allowed. Cf. Commissioner, INS v. Jean, 496 U.S. 154, 161, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990) (stating, in a case involving award of attorney's fees pursuant to 28 U.S.C. Sec. 2412, that "absent unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," including the litigation for the fees) (internal quotation marks omitted). The district court has broad authority to depart from this basic assumption. But it must give some reasons for its decision to do so. For only if this is done can the Court of Appeals properly review the district court's exercise of discretion. Cohen v. West Haven Bd. of Police Comm'rs, 638 F.2d 496, 505 (2d Cir.1980) ("Whenever the district court augments or reduces the lodestar figure, it must state its reasons for doing so as specifically as possible.") (internal quotation marks omitted).
 
 
 48
 The district court failed to give any reasons for departing from the default rule that a successful applicant for Sec. 1988 attorneys' fees should be awarded the costs of bringing its Sec. 1988 application. We therefore remand the case to the district court, for a statement of why in this instance the costs of bringing the Sec. 1988 application should not be granted.
 
 III. Conclusion
 
 49
 We hold that after the Supreme Court's decision in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), our decision in Santiago v. Victim Services Agency, 753 F.2d 219 (2d Cir.1985), is no longer the law of this circuit. Accordingly, the district court had subject matter jurisdiction to entertain the motion for attorneys' fees pursuant to 42 U.S.C. Sec. 1988 even after it dismissed the underlying complaint.
 
 
 50
 Our decision in Brown v. General Motors Corp., 722 F.2d 1009, 1012 (2d Cir.1983), does not require that negotiated fee waivers appear expressly within a settlement agreement. It does require the court to determine the parties' intent with respect to waiver when they entered into the agreement. But we will not generally find a waiver of Sec. 1988 attorneys' fees unless the parties have effected a mutual release that is broad enough to resolve all outstanding claims between them, or have indicated in some way that the settlement is to be without costs to either party.
 
 
 51
 The district judge had discretion to reject the plaintiffs' waiver of attorneys' fees only by rejecting the whole settlement in which the waiver appeared.
 
 
 52
 Because a successful movant for Sec. 1988 attorneys' fees should normally be awarded the costs of preparing its Sec. 1988 motion, the district court, if it decides to deny motion costs, is required to place on the record its reasons for doing so.
 
 
 53
 Accordingly, we affirm in part and vacate and remand in part.
 
 
 
 [1]
 The bulk of the district court's opinion focuses on whether the plaintiffs are "prevailing parties" entitled to a fee award under Sec. 1988. On appeal, defendants do not contest the district court's finding that plaintiffs prevailed for the purposes of Sec. 1988
 
 
 [2]
 Subsection (a)(1) of Rule 41 provides for automatic dismissal of a complaint, without court order, in two circumstances: (1) upon the plaintiff's filing of a notice of dismissal, provided that the defendant has not yet filed either (a) an answer or (b) a motion for summary judgment; or (2) upon the filing of a stipulation of dismissal signed by all parties to the action. Because the defendants had already filed a motion for summary judgment, and because defendant C.V. Landfill apparently did not join the stipulation of dismissal, Rule 41(a)(1) is inapplicable here
 
 
 [3]
 Part II.A of this opinion was circulated to the active members of the Court prior to filing
 
 
 [4]
 Santiago was decided three years after White, and distinguished that case on the grounds that a voluntary dismissal under Rule 41 is qualitatively different from the entry of a consent judgment, since a district judge is permitted either to reserve jurisdiction or to attach conditions (e.g., for the award of attorneys' fees) only to the latter. Absent the Supreme Court's subsequent decision in Cooter & Gell, then, White would not provide grounds for overruling Santiago. Taken together, however, we find the two cases determinative
 
 
 [5]
 A district court certainly has the power to approve or disapprove a settlement agreement conditionally--thereby giving the parties an opportunity to insert a provision that the court believes necessary or to remove a provision to which it objects
 Furthermore, as the Evans Court noted, changed circumstances may justify "a court-ordered modification of a consent decree after the decree has been entered." Evans, 475 U.S. at 726, 106 S.Ct. at 1537. Here, of course, no decree had been entered yet, so this escape hatch does not apply.