**George H. ELFAST, Plaintiff,**

v.

**BTI AMERICAS, INC., Defendant.**

**No. 96 Civil 6661(LAK).**

United States District Court,
S.D. New York.

April 11, 1997.

Jason A. Newfield, Anthony E. Core, P.C., for Plaintiff.

Dennis M. Rothman, Lester Schwab Katz & Dwyer, for Defendant.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Plaintiff moves for an award of attorney's fees pursuant to the Protection of Jurors Employment Act, 28 U.S.C. § 1875 (the "Act"). As the Court concludes that the consent dismissal of this action "without costs" pursuant to a settlement agreement precludes such an award, the motion is denied.

*Facts*

Plaintiff George Elfast brought this action against defendant Americas, Inc. under the Act. The Court appointed Jason Newfield as counsel for Elfast in June 1996. On October 20, 1996, the parties agreed to settle the action for $6,500. The settlement agreement contained a general release. Pursuant to the agreement, the parties entered into a stipulation dismissing the action "without costs."

*Discussion*

28 U.S.C. § 1875(d)(2) provides:

"In any action or proceeding under this section, the court may award a prevailing employee who brings such action by retained counsel a reasonable attorney's fee as part of the costs. The court may tax a defendant employer, as costs payable to the court, the attorney fees and expenses incurred on behalf of a prevailing employee, where such costs were expended by the court pursuant to paragraph (1) of this subsection."

That a party may "prevail" through settlement of litigation is unquestioned. *See Mah-*

er v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). The issue at bar is whether, under Section 1875(d)(2), the Court may award a reasonable attorney's fee after a settlement pursuant to which the action has been dismissed "without costs."

Although there are no cases directly on point, a number of courts have considered applications for awards of attorney's fees under 42 U.S.C. § 1988(b) following the settlement of a case. That statute, in language similar to Section 1875(d), reads in relevant part: "In any action or proceeding to enforce [selected provisions of Title 42], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The Second Circuit has suggested that a settlement agreement under Section 1988(b) which uses broad release language precludes attorney's fees. In *Brown v. General Motors Corp.*, 722 F.2d 1009 (2d Cir.1983), the court suggested that "the broad language of the release ... accompanied by a stipulation that the case will be dismissed 'without costs to any party' is, absent circumstances indicating otherwise, intended to settle all claims involved in the particular litigation, including a claim for attorney's fees." *Id.* at 1012. When "no showing or offer of proof that less than a complete settlement of all claims [ ] was intended ... the settlement includes any claim for attorney's fees." *Id.* This holding was reiterated in *Valley Disposal, Inc. v. Central Vermont Solid Waste Management District*, 71 F.3d 1053, 1058 (2d Cir.1995) ("a party may express its intent to waive attorney's fees by employing broad release language.") Though the court in *Valley Disposal* found that the plaintiff did not waive his claim to attorney's fees because the waiver did not attempt to act as a general waiver or use the words "without costs," the court nonetheless was clear in its continuing support of *Brown*.[1]

While the Second Circuit's attorney's fee analysis has yet to be applied to 28 U.S.C. § 1875(d), opinions written under the parallel provisions of 42 U.S.C. § 1988(b) are instructive. "The underlying policy concerns of the counsel fee provisions in civil rights actions are virtually indistinguishable from those upon which § 1875(d) rests." *Segal v. Gilbert Color Systems, Inc.*, 746 F.2d 78, 86 (1st Cir.1984). The settlement agreement signed by Elfast, like the agreement in *Brown*, goes out of its way to exclude any liability other than the agreed settlement payment: "the purpose of entering into this Settlement Agreement is to have no further liability and to incur no further judgements, liens, executions or expenses in connection with ... the subject matter of the Action, other than the [$6,500]." (Catalano Aff. Ex. A) The stipulation of dismissal, as in *Brown*, further provided that the action was dismissed "without costs."

Plaintiff has offered no persuasive reason why a claim for attorney's fees brought under Section 1875(d) should be treated differently than a similar claim brought under Section 1988(b).[2] Moreover, permitting recovery of attorney's fees on top of a settlement in these circumstances would undermine the intent of the parties in settling their case. The language of the settlement agreement evidences BTI's clear desire to preempt future claims revolving around the same matter. The emphatic demonstration of this de-

---

1. Other circuits disagree, suggesting that general release settlement agreements that do not specifically mention attorneys fees cannot later preclude them. See *El Club Del Barrio, Inc. v. United Community Corp., Inc.*, 735 F.2d 98, 99 (9th Cir.1984) ("the burden is on the losing party to show that the settlement agreement clearly waived the statutory right to attorney's fees"); *Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 137 (3rd.Cir.1986) ("If the parties cannot agree on counsel fees and the losing party wishes to foreclose a suit under section 1988 for attorneys fees, it must insist that a stipulation to that effect be placed in the settlement agreement."); *Muckleshoot Tribe v. Puget Sound Power & Light*, 875 F.2d 695, 698 (9th Cir.1989) ("[The Supreme

Court] permits waiver only when the parties specifically agree to limit or exclude payment for counsel ... an intent to do so 'should not be presumed from a silent record.' ").

2. Argument might be made that the slight variations in word choice between the statutes — "allow" in Section 1988 versus "award" or "tax" in Section 1875, or "as part of the costs" in Section 1988 versus "where such costs were expended" in Section 1875 — alters the analysis, but the legislative history of that statute reveals no intention to highlight these variations. *See* H.R.Rep. No 1652, 95th Cong., 2nd Sess.1978.

sire in both the agreement and subsequent stipulation suggests that no reasonable interpretation of the settlement would permit both agreement to its terms and pursuit of further action.

### Conclusion

The motion is denied.

SO ORDERED.