**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1826**

———————

R.S., By and through his father Ronald E. Soltes,

> Plaintiff – Appellee,

> v.

BOARD OF DIRECTORS OF WOODS CHARTER SCHOOL COMPANY; WOODS CHARTER SCHOOL; DOES 1-10, Inclusive,

> Defendants – Appellants.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cv-00119-TDS-LPA)

———————

Argued:  October 28, 2022                              Decided:  May 31, 2023

———————

Before KING and HARRIS, Circuit Judges, and Michael S. NACHMANOFF, United States District Judge for the Eastern District of Virginia, sitting by designation.

———————

Affirmed by unpublished opinion. Judge Nachmanoff wrote the opinion, in which Judges King and Harris joined.

———————

**ARGUED:** Steven Andrew Bader, CRANFILL SUMNER, LLP, Raleigh, North Carolina, for Appellants.  Keith Lamar Pryor Howard, LAW OFFICES OF KEITH L. HOWARD, PLLC, Charlotte, North Carolina, for Appellee.  **ON BRIEF:**  Donna R. Rascoe, CRANFILL SUMNER, LLP, Raleigh, North Carolina, for Appellants.  Kelli Espaillat, KINCAID & ASSOCIATES, PLLC, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

MICHAEL S. NACHMANOFF, District Judge:

Plaintiff R.S., by and through his parents, brought an action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. While the action was pending, R.S.'s attorneys withdrew from their representation of R.S. and were replaced by a new set of attorneys. At the conclusion of that suit, the district court awarded summary judgment in R.S.'s favor, which this Court affirmed. Petitions for attorneys' fees and costs were submitted by both the current and former attorneys for R.S. Finding that the former attorneys' motion was properly before the court, the district court determined an award amount after considering several factors, including the degree of success achieved by R.S. on the merits of his claims.

The defendant school board now challenges the award on grounds that (1) the former attorneys did not have standing to bring their motion, and (2) the district court abused its discretion in determining the degree of success on R.S.'s claims. Upon review, we affirm the judgment of the district court.


**I.**

States receiving federal funds for education under the IDEA must provide disabled schoolchildren with a "free appropriate public education" ("FAPE"), 20 U.S.C. § 1412(a)(1)(A), to include an "individualized education program" ("IEP") for each disabled schoolchild, *id.* § 1412(a)(4). If parents disagree with the services provided to their child under the IDEA, they may file a complaint, *id.* § 1415(b)(6), and are entitled to certain procedural safeguards in adjudicating that complaint, including an impartial due

3

process hearing conducted by the state or local educational agency, *id.* § 1415(f). Parties may challenge the final state administrative decision in either state or federal court. *Id.* § 1415(i)(2)(A). Following an action or proceeding under the IDEA, a court may award "reasonable attorneys' fees as part of the costs" to the "prevailing party who is the parent of a child with a disability." *Id.* § 1415(i)(3)(B)(i). The statute provides a non-exhaustive list of circumstances under which a court may reduce an attorneys' fee award. *Id.* § 1415(i)(3)(F).

In the instant case, R.S. was a child eligible for services under the IDEA. In 2013, he enrolled at the Woods Charter School ("WCS"). Dissatisfied with the accommodations WCS provided, R.S.'s father initiated a due process proceeding under the IDEA in October 2014. At that time, R.S. was represented by attorneys J. Denton Adams and Steven Wyner (together, "Former Attorneys"). That proceeding resulted in a final administrative decision granting R.S. compensatory education based on the denial of a FAPE solely for WCS's failure to timely develop an IEP for R.S.—far less than the full relief R.S. sought.

In February 2016, R.S.'s father, represented by the Former Attorneys, brought an action in the district court challenging that administrative decision on behalf of his son. The Former Attorneys eventually moved to withdraw from their representation of R.S., citing disagreement over litigation strategy. The litigation continued with attorneys Kelli Espaillat and Keith Howard (together, "Current Attorneys") serving as R.S.'s new counsel. In March 2019, the district court granted R.S.'s summary judgment motion. This Court affirmed that decision in a per curiam opinion. *R.S. By & through his father Ronald E. Soltes v. Bd. of Dirs. of Woods Charter Sch. Co.*, 806 F. App'x 229 (4th Cir. 2020).

4

Following affirmance, the two sets of attorneys separately moved for an award of attorneys' fees and costs. R.S., by and through the Current Attorneys, filed his motion first. Attached to R.S.'s motion were affidavits from the Current Attorneys, their time and expense records, and declarations from two attorneys licensed to practice in North Carolina providing expert testimony on the reasonableness of the Current Attorneys' fees and costs. The Former Attorneys filed a motion the following day in which they "move[d] th[e] Court for an award of attorneys' fees." J.A. 362. The motion was submitted under the case caption, which clearly reflected that R.S. was the plaintiff in the action. Attached to the Former Attorneys' motion were affidavits, time and expense records, and declarations from attorneys licensed in North Carolina and Virginia who likewise provided expert testimony that the fees and costs of the Former Attorneys were reasonable.

Upon receiving both motions, the district court noted that R.S., as the prevailing party, could pursue a motion for attorneys' fees and costs owed to his current counsel but raised concerns regarding whether the Former Attorneys could separately file a motion. The district court ordered briefing on the issue and subsequently found that R.S.'s agreement with the Former Attorneys required the parents to pay the Former Attorneys' fees, and that R.S. knew of and consented to the Former Attorneys' motion to recover fees. As such, the district court concluded that the Former Attorneys' motion was therefore properly before the court.

The district court then determined a reasonable fee award, taking into consideration the records submitted by both sets of attorneys. The court arrived at a lodestar figure for each of the attorneys by determining the number of hours reasonably expended multiplied

5

by a reasonable hourly rate. The district court then looked to the twelve factors identified by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & n.3 (1983), to determine a reasonable fee award. Focusing on the degree of success obtained by the prevailing party, the district court found that R.S. prevailed on four of the seven primary legal issues, including the most important of those issues—the denial of a FAPE. The district court reduced the lodestar figure for each attorney by thirty-three percent. The district court explained that the reduction reflected the protracted nature of the dispute, on the one hand, and R.S.'s success on a majority of the issues, on the other hand.

WCS now challenges the district court decision on two grounds. We discuss each challenge in turn below.

## II.

### A.

WCS first challenges the Former Attorneys' standing to move for attorney's fees. We review the legal question of standing under the IDEA de novo. *See J.D. ex rel. Davis v. Kanawha Cnty. Bd. of Educ.*, 571 F.3d 381, 385 (4th Cir. 2009). WCS argues that neither the plain language of the IDEA nor existing caselaw supports the conclusion that the Former Attorneys could submit their own motion to recover their attorneys' fees. We disagree.

WCS frames the issue as one of Article III "standing."[1] But there is no constitutional standing problem here. Under the IDEA, reasonable attorneys' fees may be awarded to a "prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The statute's plain text therefore provides only that the prevailing party is entitled to an award of attorneys' fees. Here, it is undisputed that the district court awarded attorneys' fees to R.S.—the prevailing party in the action. J.A. 846 ("*Plaintiff* shall recover attorneys' fees . . . and costs" totaling $519,350.76.) (emphasis added). The Former Attorneys did not seek to recover fees in their own names as real parties in interest.[2] Nor did the district court award fees directly to the Former Attorneys. The district court's judgment awarding fees to R.S. therefore complied with the plain text of the fee-shifting provision of the IDEA.

In reality, WCS objects only to the manner in which the Former Attorneys' fee motion came before the district court. We find this objection to be meritless. The fee-

---

[1] Although the district court referred to the "standing" of the Former Attorneys to bring a fee motion, the district court's conclusion actually turned on two factors unrelated to a constitutional standing analysis: (1) whether the Former Attorneys brought their motion with the permission of R.S., and (2) whether the retainer agreement held R.S.'s parents responsible for the Former Attorneys' fees such that they were eligible for reimbursement under the IDEA as the prevailing party.

[2] The cases WCS cites concerning recovery of attorneys' fees under 42 U.S.C. § 1988(b) are of limited utility for this very reason. For instance, in *Brown v. General Motors Corp., Chevrolet Div.*, 722 F.2d 1009 (2d Cir. 1983), the Second Circuit considered whether a former attorney could seek "attorney's fees in [the attorney's] own name *as the real party in interest*" under Section 1988. *Id.* at 1011 (emphasis added); *see also Evans v. Jeff D.*, 475 U.S. 717, 730 & n.19 (1986) (discussing that the plain language of Section 1988 "bestow[s] on the 'prevailing *party*' . . . a statutory eligibility for a discretionary award of attorney's fees").

7

shifting provision of the IDEA expressly awards attorneys' fees to prevailing *parties* (and not attorneys) for good reason. Such an arrangement avoids conflicts of interests where an attorney and client have distinct, and potentially competing, entitlements in the same action. *Brown*, 722 F.2d at 1011. A plaintiff's control over the litigation may be lost were a former attorney able to directly petition the court for an award of fees to be bestowed directly upon the attorney. *Id.* But those concerns do not exist where a client has provided informed consent to the former attorneys' fee motion, and the fee is awarded to the prevailing party (not the attorney).

Indeed, several district courts across the country have suggested that attorneys may bring fee motions under the IDEA if the plaintiff has provided informed consent. *See, e.g.*, *Davidson v. D.C.*, 736 F. Supp. 2d 115, 128 (D.D.C. 2010) (directing plaintiff's counsel to submit a declaration from the remaining plaintiff attesting that the action was "commenced with [plaintiff's] knowledge and consent," in order to determine whether the action was "commenced by a party with standing to seek attorney's fees under the IDEA"); *Adams v. Compton Unified Sch. Dist.*, No. 14-cv-04753, 2015 WL 12748005, at *2–3 (C.D. Cal. July 16, 2015) (finding plaintiff's attorney could pursue fee claim where complaint was amended to include plaintiff as a party and plaintiff indicated she voluntarily consented to participating in the attorney fee litigation). For these reasons, we find that a district court may properly consider the fee motion of a former attorney under the IDEA when it is clear the prevailing party has consented to such a motion.

Here, the district court found evidence in the record confirming that the Former Attorneys were acting with the informed consent of R.S. when bringing their motion. Our

8

review of the record provides no reason to doubt the district court's conclusion that the plaintiff so consented.[3] Given this record, we are not persuaded by WCS's argument that R.S. consented only to the recovery of approximately $70,000 in attorneys' fees. WCS supports this contention by referencing one email in which R.S.'s parents emphasize that they specifically wanted to ensure that certain costs amounting to $70,000 would be reimbursed. The district court did not abuse its discretion when it considered all of the evidence before it, including correspondence demonstrating that the parents provided consent to pursue all attorneys' fees and costs.

The argument WCS advances on appeal is highly formalistic. Indeed, at oral argument, counsel for WCS conceded there would be no "standing" issue had the Current Attorneys merely attached to their fee motion the affidavits and records submitted by the Former Attorneys. The Court, however, declines WCS's invitation to elevate form over substance. Accordingly, we find that the district court properly considered the Former Attorneys' fee motion in determining a fee award.

---

[3] As the district court concluded, R.S.'s parents were actively involved in the matter throughout its pendency, including during the seeking of fees. The Current Attorneys testified that the parents directed them to work with the Former Attorneys to seek recovery of R.S.'s attorneys' fees and costs. The emails submitted by the attorneys confirm their testimony. In one email, for instance, Mr. Soltes stated that he had costs that he expected to be "addressed appropriately and resolved" and requested that each attorney "keep [him] informed and . . . provide clear instruction which will preserve [his] ability to recoup . . . costs including fees already paid." J.A. 786. The Former Attorneys also emailed the parents stating their intent "to file a motion to recover our attorneys' fees as well as costs we incurred and paid during the course of [their] representation of [R.S.]," with no apparent objection from the parents. J.A. 790.

**B.**

WCS also argues that the district court abused its discretion in determining the degree of success achieved by R.S. for purposes of the fee calculation. We review the amount awarded in attorneys' fees for abuse of discretion. *J.D. ex rel. Davis*, 571 F.3d at 385.

A court has discretion to determine the amount of attorneys' fees awarded to a prevailing party in an action under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(i); *J.D. ex rel. Davis*, 571 F.3d at 387. Indeed, while "[t]here is no precise rule or formula" to determine the amount of attorneys' fees, the Supreme Court has identified twelve factors that may guide courts in determining reasonable attorneys' fee awards and explained that the most critical of these factors is the "degree of success obtained." *Hensley*, 461 U.S. at 430 n.3, 436. When a party achieves only partial success, a court "may simply reduce the award to account for the limited success." *Id.* at 436–37.

That is precisely what the district court did here. The district court arrived at a 33% reduction in the lodestar figure after a thorough and thoughtful consideration of many competing factors. The district court considered, on the one hand, that R.S. had prevailed in a majority of the legal issues in dispute, including the most important issue—the denial of a FAPE—and was granted relief in the form of services for one student for a school year. On the other hand, the district court recognized that some reduction in the lodestar figure was appropriate to account for R.S.'s partial success and the protracted nature of the dispute, including the duplication of work resulting from the replacement of counsel during the pendency of the action.

10

WCS argues that the district court's 33% reduction does not mathematically align with the district court's assessment of R.S.'s degree of success. WCS reasons that a 33% reduction of the lodestar figure amounts to a finding that R.S. achieved a 67% success rate on the merits of his claims, which it contends is at odds with the district court's conclusion that R.S. prevailed on 57% of his claims. But, as WCS points out, a precise mathematical approach is disfavored. Opening Br. at 23; *Hensley*, 461 U.S. at 435 n.11, 436 (noting that "[t]here is no precise rule or formula for making these determinations" and a mathematical approach "provides little aid in determining what a reasonable fee [is] in light of all the relevant factors"). Here, the district court thoroughly and systematically applied the factors set out in *Hensley*, evaluated R.S.'s degree of success obtained—"the most critical factor"—and determined that it was appropriate to "simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37. The district court's decision reflects a reasoned and careful step-by-step analysis.

Accordingly, we conclude that the district court did not abuse its discretion when determining the degree of success of R.S.'s claims and reducing the award by 33% in accordance with its considered analysis.

## III.

For these reasons, we affirm the district court's judgment.

*AFFIRMED*

11